## Peter Seminon *v.* J. J. Woodson.

**Accord and Satisfaction—Debt Must be Actually Settled.**

 A proposition, and promise by letter to transfer property in satisfaction of a debt, and an acceptance thereof, cannot have the effect of an accord and satisfaction, until there was an actual transfer of something of value, and the creditor placed in condition to get possession of the property.

APPEAL FROM WEBSTER COURT OF COMMON PLEAS.

March 4, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

To this action which was brought to subject real estate held by an equitable title to the payment of a debt reduced to judgment, appellee pleaded in sitisfaction of the debt that his brother Leland Woodson, since the institution of the action had satisfied and discharged the debt by a sale and transfer of his interest in certain property in Hickman, Ky., and that appellant had by his letter accepted said interest in satisfaction of said debt, and had directed said L. Woodson in said letter to make a transfer and send the same to him.

The letter of appellant referred to was filed, and is an agreement to take the interest of said Woodson in Hickman, with a request that he would inform him what part he had in the estate of his father, what kind of property it was, and for him to prepare a transfer thereof and send it to him. The case was heard and plaintiff's petition dismissed on the ground that the letter was an acceptance of the proposition and operated as a satisfaction of the debt.

The offer of the interest in the property in Hickman and the promise to transfer it could not be a satisfaction of the debt, until the transfer was made, appellee must show that his brother had some property at Hickman, Ky., and such as transfer thereof as made as would invest appellant with the title thereto. The proposition, and promise of L. Woodson in his letter to appellant, to transfer the property, could not have the effect of an accord and

satisfaction, until there was an actual transfer of something of value, and appellant placed in a condition to get possession of the property transferred.

The judgment must, therefore, be *reversed* and the cause remanded, with directions for further proceedings consistent herewith.

*Given, for appellant.*